IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | No. 11-03037-01-CR-S-RED |
| | ) | |
| Plaintiff, | ) | **COUNTS ONE THROUGH FIVE** |
| | ) | 18 U.S.C. § 1344(1) and (2) and § 2 |
| v. | ) | NMT 30 Years Imprisonment |
| | ) | NMT $1,000,000 Fine |
| **RICHARD B. GILLETTE** | ) | NMT 5 Years Supervised Release |
| [DOB: 05/06/1972], | ) | Class B Felony |
| | ) | |
| Defendant. | ) | **COUNTS SIX THROUGH FOURTEEN** |
| | ) | 18 U.S.C. §§ 1957 and 2 |
| | ) | NMT 10 Years Imprisonment |
| | ) | NMT $250,000 Fine or Twice |
| | ) | Amount of Criminally Derived Property |
| | ) | NMT 3 Years Supervised Release |
| | ) | Class C Felony |
| | ) | |
| | ) | **EACH COUNT** |
| | ) | Mandatory Restitution |
| | ) | $100 Special Assessment |

# I N D I C T M E N T

THE GRAND JURY CHARGES:

### The Scheme

At all times relevant to this indictment:

1. From in or about May 2006 through in or about September 2007, in Christian and Greene Counties, in the Western District of Missouri, and elsewhere, the defendant, **RICHARD B. GILLETTE**, devised a scheme or artifice (1) to defraud Homecomings Financial, Liberty Bank, Wells Fargo Bank, Bank of America, and W.M.C. Mortgage, and (2) to obtain by means of material, false and fraudulent pretenses, representations and promises, moneys, funds and property owned by and under the custody and control of these banks in violation of 18 U.S.C. §

1344(1) and (2) and § 2.  The scheme was material to these banks' transfer of money, funds and property to the defendant.

2. Homecomings Financial, Liberty Bank, Wells Fargo Bank, Bank of America, W.M.C. Mortgage, Oak Star Bank, and Village Bank each were a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation.

3. Beginning in or before May 2006 and continuing through in or about September 2007, defendant obtained, or attempted to obtain, secured loans from Homecomings Financial, Liberty Bank, Wells Fargo Bank, Bank of America, and W.M.C. Mortgage, in part, by significantly and falsely overstating his income and, in some cases, by overstating the purchase price of the asset to be purchased with, and intended to secure, the loan and by providing false and altered documents to substantiate his income and assets.

### Homecomings Financial

4. On or about May 8, 2006, defendant executed in, and submitted from, Greene County, Missouri, two loan applications to Homecomings Financial for the purpose of obtaining two loans in the aggregate amount of $1,125,000 to refinance existing loans secured by defendant's residence.  The defendant's residence was located at 2169 North Eagleview Drive, Christian County, Missouri.  In the loan applications, the defendant stated his monthly income was $35,000 when the defendant knew his monthly income was substantially less than that amount.

5. Homecomings Financial loaned Defendant $1,125,000 based in part on Defendant's overstatement of his monthly income.  Homecomings Financial transferred the loan proceeds to the defendant through Great American Title Company in Ozark, Christian County, Missouri.  After existing lenders with loans secured by the defendant's residence were paid, Great American

2

Case 6:11-cr-03037-RK    Document 1    Filed 05/11/11    Page 2 of 15

Title Company distributed the remainder of the loan proceeds to the defendant by issuing check number 55-1360 to him.

6. Check number 55-1360 was dated May 15, 2006, and was in the amount of $282,530.72. The defendant deposited check number 55-1360 in his personal checking account at Village Bank in Springfield, Greene County, Missouri on May 15, 2006.

## Use of Homecomings Financial Proceeds

7. On May 16, 2006, the defendant withdrew $15,000 from said personal checking account to purchase a certificate of deposit at Village Bank in Springfield, Greene County, Missouri.

8. On June 5, 2006, the defendant transferred $11,000 from said personal checking account to Midwest Modern Exteriors, Inc.'s checking account at Village Bank in Springfield, Greene County, Missouri.

9. On June 8, 2006, the defendant transferred $50,000 from his personal checking account to Midwest Modern Exteriors, Inc.'s checking account at Village Bank.

10. On June 9 and 12, 2006, the defendant executed two checks, each in the amount of $24,750, to be paid from Midwest's account, to Bob Hodges.

11. On July 18, 2006, the defendant withdrew $142,000 from his personal checking account to purchase a cashier's check payable to Team Motor Sports that the defendant used to purchase a Lamborghini motor vehicle.

## Liberty Bank

14. On or about July 17, 2006, the defendant executed and submitted a loan application to Liberty Bank in Springfield, Greene County, Missouri for the purpose of obtaining a loan in

3

the amount of $127,877.50. The loan was secured by a Lamborghini motor vehicle that the defendant was in the process of purchasing. In the loan application, the defendant stated his gross annual salary was $250,000. The defendant also provided Liberty Bank with a Form W-2 that falsely reported that the defendant's compensation from Midwest Modern Exteriors, Inc. for 2005 was $151,800, and with a pay stub from Midwest Modern Exteriors that falsely reported that the defendant's commissions through July 13, 2006 was $83,700.

15. At the time the defendant submitted the loan application, 2005 Form W-2, and 2006 pay stub, the defendant knew all three documents were false in that the defendant knew his gross annual salary for 2006 was less than $150,000, and that his 2005 Form W-2 overstated his compensation for 2005 by $100,000, and his 2006 pay stub significantly overstated his commissions through July 13, 2006.

16. Liberty Bank loaned the defendant $127,877.50 based in part upon the defendant's overstatements of his income. Liberty Bank transferred the loan proceeds to the defendant by issuing an official check dated July 19, 2006 and payable to Defendant in the amount of $127,800.

17. The defendant deposited the official check in the defendant's personal checking account at Village Bank in Springfield, Greene County, Missouri on July 20, 2006.

### Use of Liberty Bank Loan Proceeds

18. On August 23, 2006, the defendant withdrew $76,985.76 from his personal account to purchase a cashier's check payable to Great American Title that the defendant used to purchase a residence located at 2126 North Eagleview Drive, Christian County, Missouri.

## Wells Fargo Bank

19. On or about August 8, 2006, the defendant executed and submitted a loan application to Wells Fargo Bank for the purpose of obtaining a loan in the amount of $625,500 to purchase a residence located at 2126 North Eagleview Drive, Christian County, Missouri. The loan would be secured by the residence purchased. In the loan application, the defendant falsely reported that his gross monthly income was $39,500 and falsely stated the purchase price of the residence was $695,000.

20. At the time the defendant submitted the application, he knew the application was false because he knew his gross monthly income was less than the amount stated in the application, and that the purchase price of the residence actually was $520,000 because the sellers of the residence intended to return $175,000 to the defendant following the defendant's purchase of the residence.

21. Wells Fargo Bank loaned the defendant $625,500 based in part on the defendant's overstatement of his gross monthly income and on the defendant's overstatement of the residence's purchase price.

22. On or about August 23, 2006, Wells Fargo Bank transferred the loan proceeds to the defendant through Great American Title Company in Springfield, Greene County, Missouri.

23. On or about that same day, the sellers of the residence deposited $192,858.05 of the sale proceeds into their checking account at Oak Star Bank in Springfield, Greene County, Missouri and delivered check number 1010 drawn on that account and in the amount of $175,000 to the defendant.

24. The defendant then deposited check number 1010 in his personal checking account at

Village Bank in Springfield, Greene County, Missouri and caused check 1010 to be presented to Oak Star Bank and paid from the sale proceeds of the residence on August 24, 2006.

## Use of Wells Fargo Proceeds

25. On or about September 15, 2006, the defendant caused check number 10038 in the amount of $17,105.27, payable to American Express to be paid from his personal checking account.

26. On or about October 27, 2006, the defendant withdrew $50,151.20 from his personal checking account to pay off a loan from Village Bank.

27. On or about May 1, 2008, Wells Fargo Bank foreclosed the residence at 2126 North Eagleview Drive, Christian County, Missouri. At the time of the foreclosure, the principal balance on the loan secured by the residence was $625,474.13, and the foreclosure sales proceeds from the residence was $338,072.63. The defendant did not pay the remaining loan balance.

## Bank of America

28. On or about May 18, 2007, the defendant executed and submitted a loan application to Bank of America for the purpose of obtaining a loan in the amount of $1,334,500 to refinance existing loans secured by the defendant's residence at 2169 North Eagleview Drive, Christian County, Missouri. In the loan application, the defendant falsely stated his gross monthly income was $51,250. The defendant also provided Bank of America with Village Bank statements for the defendant's personal checking account that were dated January 7, 2007 and March 6, 2007.

29. At the time defendant submitted the application and bank statements, the defendant knew the application and bank statements were false. Specifically, the defendant knew his gross monthly income for 2007 was less than the amount stated.

30. The defendant also knew he had altered the Village Bank bank statements to falsely show inflated account balances.  Specifically, the account balance for the January 7, 2007 statement had been falsely inflated by $20,000 by reducing each of two payments from the account by $10,000.  The account balance for the March 6, 2007 statement had been falsely inflated $80,000 by inflating the opening balance by $60,000 and falsely increasing a deposit into the account from $20,000 to $40,000.

31. Bank of America loaned the defendant $1,334,500 based in part on the defendant's false overstatement of his gross monthly income, and on the defendant's false overstatement of his checking account balance.

32. Bank of America transferred the loan proceeds to the defendant through Synergy Title Services, LLC in Springfield, Greene County, Missouri.  After existing lenders with loans secured by the defendant's residence were paid, Synergy Title Services, LLC distributed the remainder of the loan proceeds to the defendant on or about May 23, 2007 by issuing check number 7-7254 in the amount of $145,063.63 to him.

33. The defendant deposited check number 7-7254 in his personal checking account at Village Bank in Springfield, Greene County, Missouri on or about May 23, 2007.

## Use of Bank of America Proceeds

34. On or about May 24, 2007, the defendant withdrew $30,000 from his personal checking account to purchase a cashier's check payable to Allside.

35. On or about July 2, 2007, the defendant transferred $20,000 from his personal checking account to Midwest Modern Exteriors, Inc.'s checking account at Village Bank in Springfield, Greene County, Missouri.

7

36. On or about October 9, 2008. Bank of America foreclosed upon the defendant's residence at 2169 North Eagleview Drive. The outstanding balance on the loan after the sale was $1,004,853.42. The defendant did not pay the remaining loan balance.

## W.M.C. Mortgage

37. On or about September 24, 2007, the defendant executed, and submitted a loan application to W.M.C. Mortgage for the purpose of attempting to obtain a loan in the amount of $732,000 to refinance an existing loan secured by a residence at 2126 North Eagleview Drive, Christian County, Missouri. In the loan application, the defendant falsely stated his gross monthly income was $39,000. The defendant also provided W.M.C. Mortgage with Forms W-2 that falsely reported that the defendant's compensation from Midwest Modern Exteriors, Inc. for 2005 was $451,800, and for 2006 was $468,400.

38. At the time defendant submitted the application and Forms W-2, the defendant knew the application and Forms W-2 were false. Specifically, the defendant knew his gross monthly income for 2007 was less than the amount stated. The defendant also knew the Form W-2 for 2005 overstated his compensation by $400,000, and the Form W-2 for 2006 overstated his compensation by $460,000.

39. Upon discovering the discrepancies in the defendant's 2005 and 2006 Forms W-2, W.M.C. Mortgage declined to grant Defendant a loan.

40. The scheme and each of the false and fraudulent pretenses, representations and promises, and facts concealed and omitted described above were material to Homecomings Financial's, Liberty Bank's, Wells Fargo Bank's, Bank of America's, and W.M.C. Mortgage's decision to loan and transfer money, funds and property to the defendant. In this manner the

defendant defrauded and attempted to defraud Homecomings Financial, Liberty Bank, Wells Fargo Bank, Bank of America, and W.M.C. Mortgage, and obtained loans, money, funds and property from Homecomings Financial, Liberty Bank, Wells Fargo Bank, and Bank of America that the defendant knew were obtained based on material, false and fraudulent pretenses, representations and promises, and material, concealed and omitted facts.

## COUNT ONE

On or about May 8, 2006, in Springfield, in Greene County, Missouri, in the Western District of Missouri, and elsewhere, the defendant, **RICHARD B. GILLETTE**, for the purpose of executing the above-described scheme to defraud and to obtain by means of false and fraudulent pretenses, representations and promises, moneys, funds and property owned by and under the custody and control of a financial institution, knowingly caused Homecomings Financial to loan Defendant $1,125,000 based in part on loan applications that the defendant knew was false at the time he presented the loan applications to Homecomings Financial in that the defendant knew at the time he presented the loan applications that the loan applications significantly overstated his monthly income; all in violation of Title 18, United States Code, Section 1344(1) and (2) and Section 2.

## COUNT TWO

On or about July 17, 2006, in Springfield, in Greene County, in the Western District of Missouri, the defendant, **RICHARD B. GILLETTE**, for the purpose of executing the above-described scheme to defraud and to obtain by means of false and fraudulent pretenses, representations and promises, moneys, funds and property owned by and under the custody and control of a financial institution, knowingly caused Liberty Bank to loan the defendant

$127,877.50 based in part on a loan application, 2005 Form W-2, and 2006 pay stub that the defendant knew were false at the time he presented the three documents to Liberty Bank in that the defendant knew at the time he presented these three documents that the loan application significantly overstated his gross annual salary, that the 2005 Form W-2 significantly overstated his compensation for 2005, and that the 2006 pay stub significantly overstated his commissions through July 13, 2006; all in violation of Title 18, United States Code, Section 1344(1) and (2) and Section 2.

### COUNT THREE

On or about August 8, 2006, in Springfield, in Greene County, in the Western District of Missouri, and elsewhere, the defendant, **RICHARD B. GILLETTE**, for the purpose of executing the above-described scheme to defraud and to obtain by means of false and fraudulent pretenses, representations and promises, moneys, funds and property owned by and under the custody and control of a financial institution, knowingly caused Wells Fargo Bank to loan the defendant $625,500 based in part on a loan application that the defendant knew was false at the time he presented the loan application to Wells Fargo Bank in that the defendant knew at the time he presented the loan application that the loan application significantly overstated his gross monthly income and significantly overstated the purchase price of the residence that would secure the loan; all in violation of Title 18, United States Code, Section 1344(1) and (2) and Section 2.

### COUNT FOUR

On or about May 18, 2007, in Springfield, in Greene County, in the Western District of Missouri, and elsewhere, the defendant, **RICHARD B. GILLETTE**, for the purpose of

10

executing the above-described scheme to defraud and to obtain by means of false and fraudulent pretenses, representations and promises, moneys, funds and property owned by and under the custody and control of a financial institution, knowingly caused Bank of America to loan the defendant $1,334,500 based in part on a loan application, and two Village Bank checking account statements that the defendant knew were false at the time he presented the three documents to Bank of America in that the defendant knew at the time he presented these three documents that the loan application significantly overstated his gross monthly income, and each of the two Village Bank checking account statements significantly overstated the balance in the defendant's personal checking account; all in violation of Title 18, United States Code, Section 1344(1) and (2) and Section 2.

## COUNT FIVE

On or about September 24, 2007, in Greene and Christian Counties, in the Western District of Missouri, and elsewhere, the defendant, **RICHARD B. GILLETTE**, for the purpose of attempting to execute the above-described scheme to defraud and to obtain by means of false and fraudulent pretenses, representations and promises, moneys, funds and property owned by and under the custody and control of a financial institution, knowingly presented to W.M.C. Mortgage a loan application, and Forms W-2 for 2005 and 2006 that the defendant knew were false at the time he presented the three documents to W.M.C. Mortgage in that the defendant knew at the time he presented these three documents that the loan application significantly overstated his gross monthly income, and that the 2005 and 2006 Forms W-2 each significantly overstated his compensation for that year; all in violation of Title 18, United States Code, Section 1344(1) and (2) and Section 2.

## COUNT SIX

On or about May 16, 2006, in Springfield, in Greene County, in the Western District of Missouri, the defendant, **RICHARD B. GILLETTE**, did knowingly engage in a monetary transaction in criminally derived property of a value greater than $10,000 and that was derived from the execution of the scheme described in Count One, in that, on or about May 16, 2006, the defendant withdrew $15,000 derived from the execution of the scheme described in Count One from the defendant's personal checking account at Village Bank and used the funds to purchase a certificate of deposit; all in violation of Title 18, United States Code, Sections 1957 and 2.

## COUNT SEVEN

On or about June 5, 2006, in Springfield, in Greene County, in the Western District of Missouri, the defendant, **RICHARD B. GILLETTE**, did knowingly engage in a monetary transaction in criminally derived property of a value greater than $10,000 and that was derived from the execution of the scheme described in Count One, in that, on or about June 5, 2006, the defendant transferred $11,000 derived from the execution of the scheme described in Count One from the defendant's personal checking account at Village Bank to Midwest Modern Exteriors, Inc.'s checking account at Village Bank; all in violation of Title 18, United States Code, Sections 1957 and 2.

## COUNT EIGHT

On or about June 8, 2006, in Springfield, in Greene County, in the Western District of Missouri, the defendant, **RICHARD B. GILLETTE**, did knowingly engage in a monetary transaction in criminally derived property of a value greater than $10,000 and that was derived from the execution of the scheme described in Count One, in that, on or about June 8, 2006, the

defendant transferred $50,000 derived from the execution of the scheme described in Count One from his personal checking account to Midwest Modern Exteriors, Inc.'s checking account at Village Bank and then caused two checks each in the amount of $24,750 to be paid from Midwest's account on June 9 and 12, 2006; all in violation of Title 18, United States Code, Sections 1957 and 2.

## COUNT NINE

On or about July 18, 2006, in Springfield, in Greene County, in the Western District of Missouri, the defendant, **RICHARD B. GILLETTE**, did knowingly engage in a monetary transaction in criminally derived property of a value greater than $10,000 and that was derived from the execution of the scheme described in Count One, in that, on or about July 18, 2006, the defendant withdrew $142,000 derived from the execution of the scheme described in Count One from the defendant's personal checking account at Village Bank and used the funds to purchase a cashier's check that the defendant then used to purchase a Lamborghini motor vehicle; all in violation of Title 18, United States Code, Sections 1957 and 2.

## COUNT TEN

On or about August 23, 2006, in Springfield, in Greene County, in the Western District of Missouri, the defendant, **RICHARD B. GILLETTE**, did knowingly engage in a monetary transaction in criminally derived property of a value greater than $10,000 and that was derived from the execution of the scheme described in Count Two, in that, on or about August 23, 2006, the defendant withdrew $76,985.76 derived from the execution of the scheme described in Count Two from the defendant's personal checking account at Village Bank and used the funds to purchase a cashier's check that the defendant then used to purchase a residence; all in violation

of Title 18, United States Code, Sections 1957 and 2.

**COUNT ELEVEN**

On or about September 15, 2006, in Springfield, in Greene County, in the Western District of Missouri, the defendant, **RICHARD B. GILLETTE**, did knowingly engage in a monetary transaction in criminally derived property of a value greater than $10,000 and that was derived from the execution of the scheme described in Count Three, in that, on or about September 15, 2006, the defendant transferred $17,105.27 derived from the execution of the scheme described in Count Three from the defendant's personal checking account at Village Bank to American Express; all in violation of Title 18, United States Code, Sections 1957 and 2.

**COUNT TWELVE**

On or about October 27, 2006, in Springfield, in Greene County, in the Western District of Missouri, the defendant, **RICHARD B. GILLETTE**, did knowingly engage in a monetary transaction in criminally derived property of a value greater than $10,000 and that was derived from the execution of the scheme described in Count Three, in that, on or about October 27, 2006, the defendant withdrew $50,151.20 derived from the execution of the scheme described in Count Three from the defendant's personal checking account at Village Bank and used the funds to pay off a loan; all in violation of Title 18, United States Code, Sections 1957 and 2.

**COUNT THIRTEEN**

On or about May 24, 2007, in Springfield, in Greene County, in the Western District of Missouri, the defendant, **RICHARD B. GILLETTE**, did knowingly engage in a monetary transaction in criminally derived property of a value greater than $10,000 and that was derived from the execution of the scheme described in Count Four, in that, on or about May 24, 2007, the

defendant withdrew $30,000 derived from the execution of the scheme described in Count Four from the defendant's personal checking account at Village Bank and used the funds to purchase a cashier's check; all in violation of Title 18, United States Code, Sections 1957 and 2.

## COUNT FOURTEEN

On or about July 2, 2007, in Springfield, in Greene County, in the Western District of Missouri, the defendant, **RICHARD B. GILLETTE**, did knowingly engage in a monetary transaction in criminally derived property of a value greater than $10,000 and that was derived from the execution of the scheme described in Count Four, in that, on or about July 2, 2007, the defendant transferred $20,000 derived from the execution of the scheme described in Count Four from the defendant's personal checking account at Village Bank to Midwest Modern Exteriors, Inc.'s checking account at Village Bank; all in violation of Title 18, United States Code, Sections 1957 and 2.

**A TRUE BILL**

/s/
FOREPERSON OF THE GRAND JURY

 /s/James J. Kelleher
James J. Kelleher
Assistant United States Attorney

DATED:    5/11/2011

15

Case 6:11-cr-03037-RK    Document 1    Filed 05/11/11    Page 15 of 15